NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—January, 1883.

## HOYT V. JACKSON.

*In the matter of the estate of* JESSE HOYT, *deceased.*

Upon an application to the Surrogate's court, under Code Civ. Pro., § 2719, for an advance upon a legacy, made before the expiration of a year from the grant of letters testamentary, the provision of that section that the advance must be "necessary for the support or education of the petitioner" is a limitation upon the authority of the court, which cannot be ignored. But where petitioner, if decedent had died admittedly intestate, would have been entitled to his entire estate, which undisputedly exceeds greatly the aggregate amount of such legacies and all prior and equal claims, and has no other income, this limitation may receive a liberal construction.

The section cited requires that a sum advanced on a legacy, upon a petition presented within the year specified, should not exceed the full amount of the petitioner's legacy or pecuniary provision under the will, and where such provision is the income of a trust fund, the limit is the amount of income earned by such fund at the time of the application for relief.

Where the will directs the establishment of a trust fund, of a specified amount, for the benefit of petitioner, to be created out of the investments of the estate, the legal rate of interest is not a test of the income, for the purpose of computing the proportion of a legacy which may be advanced under the section cited.

THIS was a petition, presented by decedent's widow and daughter, within a year after the granting of letters testamentary upon his will, for a decree directing James W. Jackson and others, the executors, to advance to each of petitioners $25,000, "to be charged against them as legatees or heirs, as the case may be, depending on the result of the contest touching said will." When this petition was presented, no appeal had been taken from the decree admitting the will to probate, nor had any petition been presented for the revocation thereof. Further facts are stated in the opinion.

ROSCOE CONKLING and AARON KAHN, *for petitioners.*

WM. M. EVARTS and ELIHU ROOT, *for executors.*

THE SURROGATE.—This is an application for a decree directing the executors of decedent's estate to pay to Helen M. Hoyt, his widow, and Mary I. Hoyt, his daughter (for both of whom pecuniary provision is made by an instrument which has been admitted to probate as his will), the sum of $25,000 each, or such other sum as may seem just and proper.

The matter has once before been submitted for decision, but the court declared itself unable to determine, upon the evidence, to what extent relief could legally be granted within the restrictions of sections 2717, 2718, 2719 of the Code of Civil Procedure, from which its jurisdiction in such a proceeding as the present is solely derived.

It was accordingly determined that the matter should be sent to a reference, or, in the alternative, that the application as then presented should be dismissed without prejudice to its renewal on other motion papers.   At the suggestion of petitioner's counsel, this decision was modified so as to keep alive the original petition, and to permit the filing, in its support, of additional affidavits.   Those affidavits, together with the answers of the executors and other papers which are now before me, supply to some extent the evidence necessary for the proper determination of this motion.   But the original petition and answer, even as thus supplemented, fail in an important particular to afford certain information, which is essential to the just disposition of the matter here at issue.

As I have before intimated, those sections of the Code which have been already cited, contain two limitations upon the authority of the Surrogate which cannot be ignored.

*First.* Whatever sum is allowed an applicant before the expiration of a year from the issue of letters testamentary, must be "necessary for the support or education of the petitioner" (§ 2719).

*Second.* That sum should not exceed the full amount of the petitioner's legacy or pecuniary provision under the will, and in cases where, as here, the will bequeaths the income of a trust fund, such sum should not exceed the amount of the income which such fund has earned at the time the application for relief is presented.

Now, as to the first of these limitations, I feel justified, under all the circumstances of this case, in giving to the phrase, "necessary for the support of the petitioner," a liberal construction.

One of those petitioners is the widow of the decedent, and the other is his only child. If he had died admittedly intestate, they would have been entitled, under the statutes of descent and distribution, to his entire estate, and they will be discovered to be so entitled if the probate of this will shall hereafter be revoked. The trusts, which the will directs to be set up for their benefit, have priority over all other bequests save one for $50,000. And while there is a wide variance between the parties hereto, as to the probable net value of the estate above the debts, it is beyond dispute that it exceeds, by several millions of dollars, the amounts directed by the will to be set apart as trust funds for the benefit of the petitioners, and to be so set apart in priority over all other bequests except the $50,000 legacy.

Besides, the will directs that "the choicest investments and those having the longest to run" shall be selected for the benefit of Mrs. Hoyt, and that the executors shall apply, in the most bounteous and liberal manner, the proceeds of the fund created for the benefit of decedent's daughter.

It appears from the affidavits of the petitioners that, at the time of the decedent's death, their mode of life and standard of expenditure were such as were appropriate to his wealth and his social position.

They are now maintaining, and seek to continue the maintenance of, separate establishments — a purpose which, if it suits their pleasure, is not unreasonable, in view of all the circumstances, and especially in view of the large interest which they must indisputably be found to have in this estate, whether the probate of the will shall ultimately be revoked, or shall remain undisturbed.

Because of these considerations, and because, since the decedent's death, the petitioners have had no other source of income than their interest in his estate has afforded them, I am disposed, in this case, to give to section 2719 as broad a construction as its language will fairly permit.

Indeed, I understand from the answer and affidavits of the executors, and from the intimations of their counsel upon the second argument of this motion, that they do not seriously object to the entry of an order directing the payment, to each of the petitioners, of any sum which the court may think fit to name, provided that such sum is not in excess of the amount of income earned by such share of decedent's estate as the will sets apart for their benefit.

A careful review of all the evidence for the sake of determining the amount of such income discloses no data from which it can be even approximately ascertained.

The respondents say that the income of the entire estate *received* by them has amounted to less than $25,-000, and that, by reason of advancements to the petitioners, that amount has been reduced to less than $19,000. It is not apparent, however, but that other income has been *earned* which the executors have hitherto failed to collect. Then, too, it seems that about one third of the estate consisted of property in the state of Michigan, and that the will appoints an executor in that state who is in some sense subordinate to the New York executors, and is required to transfer to them rents, dividends, proceeds of sales, etc., which from time to time may come to his hands.

For aught that the evidence discloses, there may be, as

petitioners' counsel suggests, considerable sums of money in the possession of the Michigan executor which are subject to the demand and disposition of the respondents.

One of the petitioners asserts, upon information and belief, that a large part of the property whereof decedent died possessed consists of bonds of the United States Government, which are still in the hands of the executors; the other makes a somewhat similar allegation. But neither of them declares what portion of the estate is thus invested, or what issues of Government bonds are thus held by the executors, or what rate of interest they are yielding.

The executors declare that the estate is of such a character that, whether the income from certain of its assets shall be much or little will depend upon the outcome of certain enterprises, in respect to which they are vested by the will with discretionary powers, which may necessitate the use of very large sums of money, amounting to hundreds of thousands of dollars. The trusts for neither of the petitioners have as yet been set up, and it is difficult, and perhaps impossible, to determine with accuracy the maximum sum which the executors can now pay, without prejudice to the rights of other beneficiaries.

The legal rate of interest does not seem to furnish the test, because the will does not bequeath to the petitioners definite sums of money which, either expressly or by intendment, are made payable at the decedent's death. In that event, the beneficiaries would, of course, be entitled to six per cent. upon their legacy.

Here, on the contrary, the will directs the establishment of trust funds, of $1,250,000 each, to be created out

of the investments of the estate, and the income of those funds, which may be greater than six per cent. and may be less, cannot be ascertained without inquiring into the character and extent of this estate, and the nature of its various investments and the amount of interest, dividends and profits which those investments have realized. It will become necessary, therefore, before the final disposition of this motion, to submit to a reference the questions above suggested.

An order may be entered, on two days' notice, directing such reference, and providing also that the executors pay to each of the petitioners, upon their severally giving bonds, as required by section 2719, the sum of $5,000, to be charged against them, respectively, as a portion of whatever sum may be hereafter discovered to be properly awardable on these applications.

Ordered accordingly.